UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>                Plaintiff,<br>    v.<br><br>VBC MADISON LP et al.,<br><br>                Defendants. | CASE NO. 2:24-cv-02168-LK<br><br>ORDER TO SHOW CAUSE |

       This matter comes before the Court sua sponte. On May 13, 2025, the Court ordered Plaintiff Kinsale Insurance Company to show cause why this case should not be dismissed for lack of subject matter jurisdiction, because despite invoking diversity jurisdiction, the complaint did not adequately allege that the parties are completely diverse. Dkt. No. 37. Pursuant to that order, Kinsale filed an amended complaint updating its jurisdictional allegations. Dkt. No. 38.

       Based on those updated allegations, the Court finds that the parties are completely diverse. Complete diversity exists when each plaintiff is a citizen of a different state than each of the defendants. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Here, Kinsale is organized in Arkansas and has its principal place of business in Virginia, making it a citizen of

ORDER TO SHOW CAUSE - 1

those states. Dkt. No. 38 at 1.[1] Defendants VBC and DPS The Madison GP LLC are citizens of Washington and Florida, Defendant Frontier is a citizen of Washington, Defendant RSUI is a citizen of Georgia, and now-dismissed Defendant STRS is a citizen of Ohio and Delaware. Dkt. No. 38 at 2–3.

However, the amended complaint still fails to adequately allege amount in controversy. "For declaratory judgment actions, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farmers Direct Prop. & Cas. Ins. Co. v. Perez*, 130 F.4th 748, 753 (9th Cir. 2025) (citation modified). Although Kinsale alleges in conclusory fashion that "the amount in controversy exceeds $75,000," that assertion appears to be based on the policy limit rather than the value of the underlying claim. Dkt. No. 38 at 3, 5, 16. Where, as here, parties dispute the applicability of the policy to a particular occurrence—rather than the validity of the policy itself—"the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." *Schmale v. State Farm & Cas. Co.*, No. 2:23-cv-01114-GMN-NJK, 2023 WL 7130567, at *2 (D. Nev. Oct. 30, 2023) (quoting Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, vol. 14B, § 3710, 264 (3d ed., West 1998)). Thus, the value of the claim, not the policy limit, determines the amount in controversy here. *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (policy limits are "relevant to determining the amount in controversy only if the validity of the entire insurance policy is at issue, or if the value of the underlying tort claims exceeds the liability

---

[1] For citizenship purposes, there is a fault line between incorporated and unincorporated entities, *see Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 382–84 (2016), and Kinsale's allegation that it is "organized" in Arkansas (as opposed to being "incorporated" there) makes it unclear which side of the line it falls on, Dkt. No. 38 at 1. Whether an insurance company is a corporation for diversity purposes depends on how the relevant state's law treats it. *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 550 (7th Cir. 1988) (observing that Texas mutual insurance company was an unincorporated association under Texas law, while Minnesota law treated mutual insurance company as a corporation). Here, Arkansas law provides that domestic insurance companies (stock or mutual) must be incorporated, so the Court is satisfied that Kinsale may be treated as a corporation for diversity jurisdiction purposes. *See* Ark. Code Ann. § 23-69-102.

ORDER TO SHOW CAUSE - 2

ceiling"; where "the applicability of [the insurer's] liability coverage to a particular occurrence is at issue, the amount in controversy is the value of the underlying potential tort action"). Here, even though Kinsale identifies the policy limits, *see* Dkt. No. 38 at 5, 16, it does not identify the value of the underlying potential tort action or state that the amount in controversy exceeds such value.

Although Kinsale purports to seek the prompt resolution of this coverage action, Dkt. No. 30 at 5–6, its failures to establish subject matter jurisdiction have delayed this case's progress. Numerous cautionary tales demonstrate the pitfalls of allegations that leave a case in "jurisdictional purgatory." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see also, e.g.*, *Rosenwald, et al. v. Kimberly-Clark Corporation*, Case No. 22-16490, Oral Argument (9th Cir. June 25, 2025); *Amerault v. Intelcom Support Servs., Inc.*, 16 F. App'x 724 (9th Cir. 2001); *Rilling v. Burlington N. R. Co.*, 909 F.2d 399, 400 (9th Cir. 1990). "[I]n order to proceed in federal court, the litigant *must* establish subject matter jurisdiction by pleading facts that support it." *Wilkins v. Stapleton*, No. 617CV1342ORL37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017).

The Court will discharge its order to show cause if Kinsale files an amended complaint correcting the jurisdictional allegations by July 14, 2025. The amended complaint "must indicate . . . how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." LCR 15(a).

Dated this 7th day of July, 2025.

Lauren King
United States District Judge