UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>      Plaintiff,<br>  v.<br><br>VBC MADISON LP et al.,<br><br>      Defendants. | CASE NO. 2:24-cv-02168-LK<br><br>ORDER DENYING MOTION TO STAY |

This matter comes before the Court on Defendant VBC Madison LP's motion to stay. Dkt. No. 28. Defendant Frontier Development Company joins the motion, Dkt. No. 32, and Plaintiff Kinsale Insurance Company opposes it, Dkt. No. 30. For the reasons explained below, the motion to stay is denied.

**I. BACKGROUND**

On January 1, 2024, a vacant building in Seattle owned by VBC caught fire. Dkt. No. 38 at 4. The fire damaged a neighboring property owned by Frontier. *Id.* at 5. Frontier and its insurer, RSUI Indemnity, claim that VBC is liable for the damage, *id.*, although they have not yet filed a lawsuit, *see* Dkt. No. 28 at 5; Dkt. No. 30 at 1.

ORDER DENYING MOTION TO STAY - 1

1   Kinsale is VBC's liability insurer and is defending VBC on the underlying claims under a
2   reservation of rights. Dkt. No. 30 at 1–2. So far, Kinsale has settled an underlying claim asserted
3   by Defendant STRS Ohio WA Real Estate Investment, LLC, *id.* at 10, who has since been
4   dismissed from this action, Dkt. No. 41. Defendants ABC Business Entities I-V have also since
5   been dismissed from this action. Dkt. No. 49. Kinsale continues to defend VBC on the remaining
6   underlying claims, though as noted, no lawsuit has been filed yet with respect to those claims.

7   In the meantime, Kinsale filed this coverage action seeking a declaration that it has no duty
8   to defend or indemnify VBC. Dkt. No. 38 at 31. It initiated this action based on Washington
9   Supreme Court precedent holding that "where coverage for a third-party liability claim is
10  questionable, the insurer should defend under a reservation of rights and file a declaratory
11  judgment action." Dkt. No. 30 at 2 (citing *Truck Ins. Exch. v. VanPort Homes*, 58 P.3d 276 (Wash.
12  2002)). Kinsale seeks the prompt resolution of this coverage action because "VBC is, and has been,
13  receiving a defense from Kinsale despite the significant likelihood that there is no coverage under
14  the Kinsale Policy" and because under Washington law, "Kinsale will not be able to recoup these
15  costs" even if coverage is found not to exist. *Id.* at 5–6 (emphasis omitted).

16  VBC moves to stay this action on the basis that proceeding with the coverage action here
17  could prejudice its defense against Frontier/RSUI on the underlying claims. Dkt. No. 28 at 2.

18                                  **II.   DISCUSSION**

19  **A.   Jurisdiction**

20  On May 13, 2025, the Court ordered Kinsale to show cause why this case should not be
21  dismissed for lack of subject matter jurisdiction, because despite invoking diversity jurisdiction,
22  the complaint did not adequately allege that the parties are completely diverse. Dkt. No. 37.
23  Pursuant to that order, Kinsale filed an amended complaint updating its jurisdictional allegations.
24  Dkt. No. 38. Based on those updated allegations, the Court found that the parties are completely

diverse, but also found that the amended complaint still failed to adequately allege amount in controversy. Dkt. No. 53. Kinsale amended its complaint again, alleging that "[t]he January 1, 2024 fire allegedly resulted in damage to the commercial property of Defendants Frontier and STRS," and their insurers have since issued subrogation demands totaling $1,438,680.51. Dkt. No. 54 at 4–5. The Court agrees that the amount in controversy requirement is met here, and discharges its order to show cause. Dkt. No. 53.

**B.    A Stay is Not Warranted Here**

    1.  Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "*Landis* cautions that 'if there is even a fair possibility that the stay . . . will work damage to someone else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255).

    2.  The *CMAX* Factors Weigh Against a Stay

        *(a)  Hardship resulting from a stay*

Kinsale argues that a stay would prejudice it "by forcing it to pay for the defense of the Underlying Claims where there is likely no coverage obligation in the first place." Dkt. No. 30 at

ORDER DENYING MOTION TO STAY - 3

7. And that harm is compounded because if the Court finds that it owes no duty to VBC, Washington law precludes it from seeking recoupment from VBC for the defense costs already paid. *Id.* at 5–6. VBC responds that paying for the defense of the underlying claims is part of an insurer's business and not an injury. Dkt. No. 43 at 3–4. As support, VBC cites *Zurich American Insurance Co. v. Omnicell, Inc.*, where the court found that "advancing defense costs is part of an insurer's obligation and costs of doing business." No. 18-CV-05345-LHK, 2019 WL 570760, at *1 (N.D. Cal. Feb. 12, 2019) (citation modified).

      The Court is persuaded that Kinsale will be harmed by a stay in the event the Court finds that coverage does not exist. As noted, under Washington law, insurers cannot "recoup defense costs incurred under a reservation of rights defense while the insurer's duty to defend is uncertain." *See Nat'l Sur. Corp. v. Immunex Corp.*, 297 P.3d 688, 695 (Wash. 2013). Without recoupment, an insurer's only avenue to protect itself is to file a declaratory judgment action, as Kinsale has done here. *See id.* at 697 (an insurer "must pay defense costs until it obtains a judicial declaration that it owes no duty to defend"). Staying the coverage action until the underlying claims are resolved would leave Kinsale entirely without recourse. The cases VBC cites are distinguishable on this basis. For instance, *Zurich* dealt with California law, which unlike Washington law, does not necessarily preclude insurers from seeking reimbursement for defense costs as to uncovered claims, *see, e.g.*, *Crosby Est. at Rancho Santa Fe Master Ass'n v. Ironshore Specialty Ins. Co.*, 578 F. Supp. 3d 1123, 1130 (S.D. Cal. 2022); *Buss v. Superior Ct.*, 939 P.2d 766, 778 (Cal. 1997). VBC also cites *Travelers Indemnity Co. v. McKinstry Co., LLC*, but there, the court reasoned that the insurer's "protestations about paying for the defense in the underlying lawsuit . . . carr[ied] no weight in the stay analysis" because there was a reimbursement clause in the contract—something that does not exist here. No. 2:24-CV-01718-TL, 2025 WL 1089525, at *2 (W.D. Wash. Mar. 12, 2025) (citation modified).

ORDER DENYING MOTION TO STAY - 4

1    Cases involving Washington law and no bargained-for reimbursement clause agree that
2    staying the coverage action would prejudice the insurer. *See, e.g.*, *Allstate Prop. & Cas. Co. v.*
3    *Turpen*, No. 3:24-CV-05462-TMC, 2025 WL 948743, at *2 (W.D. Wash. Mar. 28, 2025) ("when
4    no reimbursement clause is noted in the insurance contract and the insurer is seeking declaratory
5    judgment on its duty to defend, courts in this District have weighed this factor against a stay.");
6    *Northfield Ins. Co. v. Yates, Wood, & MacDonald, Inc.*, No. 2:24-CV-00441-TL, 2024 WL
7    4751181, at *2 (W.D. Wash. Nov. 12, 2024) (same); *Gov't Emps. Ins. Co. v. Gerjets*, No. 19-CV-
8    5912-RJB, 2020 WL 1031295, at *4 (W.D. Wash. Mar. 3, 2020) (same).

9    Thus, based on the above, the Court finds that Kinsale would be prejudiced by a stay in the
10   event the Court finds that it has no duty to defend.

11   *(b) Hardship in the absence of a stay*

12   VBC argues that allowing this action to proceed would cause it hardship for three reasons:
13   (1) it would have to fight a "two-front war" by defending the underlying claims and this coverage
14   lawsuit; (2) it would risk this Court making a factual determination on issues overlapping with the
15   underlying claims; and (3) it may be forced to take a position inconsistent with one it wishes to
16   take regarding the underlying claims to avoid liability. Dkt. No. 43 at 5; *see also Gerjets*, 2020
17   WL 1031295, at *4 (describing how courts evaluate the hardship that a party may suffer in being
18   required to litigate a coverage claim while the underlying lawsuit is ongoing).

19   The Court is not persuaded that any of these concerns currently outweigh the hardship to
20   Kinsale if a stay is granted. Much of the potential hardship to VBC has not materialized yet, and
21   it may never materialize. The duty to defend is generally "determined from the eight corners of
22   the insurance contract and the underlying complaint," *Expedia, Inc. v. Steadfast Ins. Co.*, 329 P.3d
23   59, 65 (Wash. 2014), as corrected (Aug. 6, 2014) (citation modified), meaning that the Court "will
24   decide pure questions of law" regarding the scope of the duty to defend based on the policy's

definitions and exclusionary clauses, "and there will be no findings of material fact" that would affect VBC's defense on the underlying claims. *Allstate*, 2025 WL 948743, at *4.

VBC argues at length that determining the scope of Kinsale's duty to defend involves more than just looking at the "eight corners" of the insurance policy and the allegations in the underlying claims, and that the extrinsic evidence it will have to develop to establish coverage may also tend to establish liability with respect to the underlying claims. Dkt. No. 28 at 7–8. The Court is sensitive to these issues. Indeed, Kinsale represents that it "anticipates conducting discovery into the facts, circumstances, claims and defenses in the Underlying Claims," Dkt. No. 33 at 3, despite also arguing that "the only questions at issue here are purely legal questions of whether or not the terms, conditions, and exclusions of the policies preclude any potential or actual coverage as a matter of law," Dkt. No. 30 at 2. *Cf. Allstate*, 2025 WL 948743, at *4 (denying motion to stay where insurer represented that "it is not conducting discovery and will not develop any facts or evidence that are at issue in the underlying lawsuit."). Still, given the possibility that this coverage dispute may be resolved on purely legal grounds, it would be premature to stay the case. If Kinsale is correct, the Court will decide pure questions of law on the scope of the duty to defend based on the policy's definitions and exclusionary clauses, and there will be no findings of material fact that would affect VBC and Kinsale's ongoing efforts to resolve the underlying claims. Any concerns about VBC fighting a "two-front war" and being forced to take inconsistent litigation position would be mooted.

If, on the other hand, Kinsale is wrong that this dispute can be decided on purely legal grounds, then the Court may reconsider whether to stay this action pending the resolution of the underlying claims. *See Am. Com. Ins. Co. v. Stewart*, No. 3:10-CV-05240-RBL, 2010 WL 2788210, at *2 (W.D. Wash. July 9, 2010); *Northfield Ins. Co.*, 2024 WL 4751181, at *3 n.4

(indicating that the court would reconsider defendant's motion for a stay if it "determines that it needs to resolve any factual issues to decide Plaintiff's motion for summary judgment").

Thus, the Court finds that any potential hardship to VBC is—at least for now—outweighed by the ongoing and concrete hardship to Kinsale of having to fund a defense of potentially uncovered claims, with no ability to recoup those costs.

### (c) Orderly course of justice

Finally, the orderly course of justice does not support a stay. This factor is "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55). Here, the coverage dispute raises several issues that are independent of those relevant to the underlying claims, and staying the case will not necessarily simplify the issues presented to this Court. Additionally, for the reasons explained above, waiting for the underlying claims to resolve would prejudice Kinsale. Thus, this final factor also supports denying a stay.

### III. CONCLUSION

For the reasons explained above, VBC's motion for a stay is DENIED. Dkt. No. 28.

Dated this 21st day of July, 2025.

*Lauren King*
Lauren King
United States District Judge