1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KINSALE INSURANCE COMPANY, | CASE NO. 2:24-cv-02168-LK |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| VBC MADISON LP et al., | |
| Defendant. | |

11

12

13

14

15

16

17

18

19

     This matter comes before the Court on Plaintiff Kinsale's Motion for Reconsideration, Dkt. No. 62, of the Court's Order denying Kinsale's Motion for Summary Judgment, Dkt. No. 58. The Court ordered Defendant VBC to respond, Dkt. No. 63, and VBC did so, Dkt. No. 65. Having reviewed the parties' submissions, the Court denies Kinsale's motion.

20

## I.   INTRODUCTION

21

22

23

24

    This is an insurance coverage action. Defendant VBC Madison LP, the insured party in this case, owned a building in Seattle formerly located at 823 Madison Street. Dkt. No. 51 at 2. The building caught fire in June 2022, prompting the City of Seattle to order that the building be vacated. *Id.* By the end of September 2022, all of the tenants had moved out. *Id.* After VBC decided

ORDER DENYING MOTION FOR RECONSIDERATION - 1

1   to begin abatement and selective demolition of the building, it secured the building numerous

2   times, costing VBC approximately $4 million. *Id.* On January 1, 2024, the building caught fire

3   again. *Id.* at 3. The Seattle Fire Department ("SFD") classified the cause of the fire as

4   "undetermined." Dkt. No. 47-1 at 2. The SFD's report speculated that the fire was "likely due to

5   homeless/transient activity." *Id.*

6       Frontier Development Corporation owns an adjacent building, located at 909 9th Avenue

7   in Seattle, that was allegedly damaged from the fire. Dkt. No. 55 at 4; Dkt. No. 24 at 4. Frontier's

8   liability insurer, RSUI Indemnity Company, sent a demand letter to VBC in February 2024, *Id.*;

9   *see also* Dkt. No. 47-3, and Frontier's property damage claims against VBC are the "Underlying

10  Claims" at issue here, Dkt. No. 46 at 2.

11      Plaintiff Kinsale Insurance Company is VBC's liability insurer. Kinsale sold VBC a

12  commercial general liability policy that provides coverage for "property damage," Dkt. No. 47-2

13  at 6, 20, but purportedly excludes coverage for (1) Fire or Fire Related Injury or Damage and

14  (2) Unsecured Property, Dkt. No. 46 at 10–13.

15      Kinsale filed suit seeking a declaration "that Kinsale owes no defense obligation to VBC

16  for any claims asserted against it arising from the subject loss" and that it "owes no indemnity

17  obligation to VBC for any claims asserted against it, including but not limited to the Subrogation

18  Claims, arising from the subject loss." Dkt. No. 54 at 32. It filed its motion for summary judgment

19  on both claims on May 30, 2025, Dkt. No. 46, which the Court denied, finding disputed facts as to

20  the applicability of both the Fire Exclusion and the Unsecured Property Exclusion, Dkt. No. 58.

21  Kinsale now seeks reconsideration of that order. Dkt. No. 62.

22

23

24

ORDER DENYING MOTION FOR RECONSIDERATION - 2

## II.    DISCUSSION

**A.    Legal Standard**

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation modified); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (citation modified)). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023); *see also Barton v. Leadpoint Inc.*, No. C21-5372-BHS, 2022 WL 293135, at *1 (W.D. Wash. Feb. 1, 2022) (motions for reconsideration "should not be used to ask a court to rethink what the court had already thought through"); *Santiago v. Gage*, No. 3:18-CV-05825-RBL, 2020 WL 42246, at *1 (W.D. Wash. Jan. 3, 2020) ("Mere disagreement with a previous order is an insufficient basis for reconsideration[.]").

**B.    Reconsideration is Unwarranted**

Kinsale makes numerous arguments for why the Court should reconsider its summary judgment order. The arguments center on two key issues: the applicability of the efficient proximate cause rule and the Unsecured Property Exclusion. The Court addresses each of these issues in turn and determines that reconsideration is not appropriate.

1          1.   Applicability of the Efficient Proximate Cause Rule

2          In its summary judgment motion, Kinsale argued that the efficient proximate cause rule

3   "applied only to first-party property coverage claims," meaning it would not apply to the

4   Underlying Claims because they are "third-party claims being made against VBC's commercial

5   general liability policy." Dkt. No. 52 at 4. The Court disagreed, finding that Kinsale's argument

6   was precluded by Washington Supreme Court precedent, including *Xia v. ProBuilders Specialty*

7   *Ins. Co.*, 400 P.3d 1234, 1240 (Wash. 2017). Dkt. No. 58 at 9–11.

8          In its motion for reconsideration, Kinsale raises its same summary judgment arguments

9   again, stating "the EPC rule was never intended to apply to a first-party liability claim" and "[t]he

10  application of the rule is illogical given the differences between the liability coverage and first-

11  party property coverage." Dkt. No. 62 at 3.[1] According to Kinsale, the Court's Order applying the

12  efficient proximate cause rule "to a third-party liability case" is a "manifest error of law." *Id.* at 2

13  (some capitalization removed). Kinsale also essentially asks the Court to disregard *Xia* because

14  "the underlying parties [n]ever argue[d] or brief[ed] the application of the [efficient proximate

15  cause] rule to the coverage issues that were presented," meaning that these issues "were never

16  properly brought before the [Washington] Supreme Court." *Id.* at 2–3.

17         VBC responds that "[e]ven if that is true—and Kinsale presented no evidence to support

18  that statement—so what? Application of the [efficient proximate cause] rule was central to the

19  [Washington Supreme Court's] decision, regardless of what the parties may have argued." Dkt.

20  No. 65 at 4. VBC argues that "*Xia* settles the issue" raised by Kinsale because *Xia* binds the Court

21

22  ───────────────
    [1] Kinsale improperly asks the Court to issue an advisory opinion on whether "the EPC rule does, in fact, apply to
    liability cases in the State of Washington." *Id.* The Court properly ruled on the specific controversy before it by finding
    that "the efficient proximate cause rule applies in the circumstances of this case." Dkt. No. 58 at 10; *see also Thomas*
23  *v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("Our role is neither to issue advisory
    opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the
24  powers granted the judiciary in Article III of the Constitution.").


ORDER DENYING MOTION FOR RECONSIDERATION - 4

1    and unambiguously determined that the efficient proximate cause rule applies to "liability

2    insurance policy dispute[s]." *Id.* at 3–5.

3         As stated in the summary judgment order,

4         In *Xia*, the issue was whether the policy issued to a contractor (the first party)
         covered bodily injuries suffered by the contractor's customer, Zhaoyun "Julia" Xia

5         (a third party). [400 P.3d] at 1237. After the contractor assigned its rights to Xia,
         she sued the contractor's insurance company to recover for her injuries; thus, as in

6         this case, *Xia* involved a suit to recover damages incurred by a third party. And
         significantly, the majority ruled in favor of Xia over a dissent protesting that "[u]ntil

7         now, we have applied the efficient proximate cause rule only in first party coverage
         cases," whereas Xia presented a "third party 'liability' coverage" case. *Id.* at 1246

8         n.1 (Madsen, J., dissenting).

9    Dkt. No. 58 at 9–10. Kinsale cites numerous Washington Court of Appeals decisions pre-dating

10   *Xia*, stating "[at] no time did the Washington Court of Appeals cases ever apply the [efficient

11   proximate cause] rule to a third-party liability case until the *Xia* decision." Dkt. No. 62 at 2. Kinsale

12   argues that such application is "nonsensible" because it "arguably" eliminates from a liability

13   policy "any exclusion or limitation on coverage." *Id.*

14        As the Court previously observed,

15        [m]uch of Kinsale's arguments echo Justice Madsen's concerns in *Xia*. *See, e.g.*,
         Dkt. No. 46 at 12–13 ("[T]he plain and unambiguous language of the Kinsale Policy

16        excludes coverage for property damage arising directly or indirectly from fire[.]").
         But as much as this Court might agree with dissenting justices that "[t]here is

17        simply nothing ambiguous about the broad, absolute . . . exclusion in this case,"
         and that applying the efficient proximate cause rule "would contradict the plain

18        language" of the exclusion, *Xia*, 400 P.3d at 1245–46 (Madsen, J., dissenting); *see
         also Hirschmann*, 773 P.2d at 418 (Callow, C.J., dissenting) ("The majority

19        invalidates unambiguous contractual language without explicitly identifying any
         public policy with which the challenged provisions of the policy conflict[.]"), it

20        must abide by the decisions of the majority, not the dissent, *see Arizona Elec. Power
         Co-op., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995).

21   Dkt. No. 58 at 10 n.3. The Supreme Court in *Xia* emphasized that it "ha[d] never . . . suggested

22   that the rule of efficient proximate cause is limited to any one particular type of insurance policy";

23   rather, "the rule has broad application whenever a covered occurrence under the policy—whatever

24

ORDER DENYING MOTION FOR RECONSIDERATION - 5

1   that may be—is determined to be the efficient proximate cause of the loss." *Xia*, 400 P.3d at 1240

2   (2017). "[W]hen interpreting state law, federal courts are bound by decisions of the state's highest

3   court." *Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*, 379 F.3d 557, 560 (9th Cir. 2004)

4   (citation modified). Kinsale does not provide any basis on which the Court may (or should)

5   disregard a state Supreme Court decision because a certain aspect of the decision was not raised

6   by the parties in the Supreme Court case or because it is "illogical." *See generally* Dkt. No. 62.

7   For these reasons, Kinsale is not entitled to reconsideration on the issue of third-party liability.

8          2.   Unsecured Property Exclusion

9          In its motion for reconsideration, Kinsale also recycles its argument that the Unsecured

10  Property Exclusion precludes VBC's recovery. *See* Dkt. No. 62 at 3–7. And Kinsale repeatedly

11  complains that the Court "disregarded" the portion of SFD's report that stated that the "south-side

12  stairwell/courtyard [] is unsecured," and asserts that as a matter of law there "are no covered perils

13  present in this loss." *See, e.g.*, Dkt. No. 62 at 3, 6–7.

14         Not so. The Court devoted nearly two pages of the summary judgment order to explaining

15  how the Unsecured Property Exclusion does not preclude VBC's recovery at this stage. *See* Dkt.

16  No. 58 at 13–15. The Court acknowledged that "the SFD's report . . . stated that the 'south-side

17  stairwell/courtyard [] is unsecured,'" but held that "what SFD reported on the day of the fire is not

18  dispositive of the factual question regarding whether and to what extent VBC's building was

19  secured" given the significant evidence VBC put forth that the building was indeed secured. *Id.* at

20  14–15 (quoting Dkt. No. 47-1 at 2). Specifically, VBC "covered ground and second floor windows

21  with plywood, screwed doors and access hatches shut with tamper resistant screws (which can

22  only be removed with special equipment), and secured plywood barricades with concrete bolts."

23  *Id.* at 2; *see also id.* at 14 ("VBC's contractor secured the doors with metal bars and special tamper-

24  resistant screws that require specialized tools to remove, and . . . plywood barricades were secured

ORDER DENYING MOTION FOR RECONSIDERATION - 6

with concrete anchor bolts" (citation modified)). Based on this evidence, a reasonable juror could conclude based on the evidence presented by VBC that its security measures rendered the building "'secured' and inaccessible to human entry except by authorized persons" prior to the fire. Dkt. No. 47-2 at 59.[2] Furthermore, the Court concluded that the SFD report

> could mean, among other things, (1) that VBC did not secure that side of the building, in which case the Exclusion would apply, (2) that the fire destroyed some of the barricades on the south-side of the building, in which case the Exclusion may not apply, (3) that the barricades were breached and removed by trespassers prior to the fire, in which case the Exclusion also may not apply, or (4) that SFD believed it was unsecured based on prior observations of 'transient traffic' there, *id.*, which does not necessarily show that the building was unsecured at the time of the fire.

Dkt. No. 58 at 15. In other words, the evidence Kinsale put forth in its summary judgment materials failed to definitively show that a covered peril (such as trespassing, vandalism, or criminal acts of third parties, *see id.* at 11 n.5) was not the initiating cause of the loss; rather, the evidence submitted by the parties leaves a genuine dispute of material fact as to whether a covered peril was the initiating cause. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986) (the inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").[3]

---

[2] Kinsale suggests that if the fire was caused by covered perils such as trespassing, vandalism, and criminal acts of third parties, it means *ipso facto* that the building was not secured or inaccessible. Dkt. No. 62 at 5–7. But policies must be interpreted so as to "give the language a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance," *Seattle Tunnel Partners v. Great Lakes Reinsurance (UK) PLC*, 516 P.3d 796, 800 (Wash. 2022) (citation modified), and nothing in the policy language here suggests that the insured must maintain an impenetrable fortress for coverage to apply. Rather, as discussed above, VBC has submitted evidence from which a rational juror could conclude that it expended commercially reasonable efforts to ensure the building was secured and inaccessible to human entry except by authorized persons. For example, after the fire, "the Fire Department had to cut bars f[ro]m the first level windows, and cut and remove plywood over second floor windows to gain access." Dkt. No. 58 at 14 (citation modified); *see also* Dkt. No. 51 at 5–6.

[3] Kinsale fundamentally misunderstands the summary judgment standard when it complains that the Court treated the SFD report as "dispositive of VBC's allegations of trespass," but "not dispositive for Kinsale's argument that the Property was not 'inaccessible to human entry' and the SFD's conclusion that the 'south-side stairwell/courtyard [] is unsecured' was disregarded." Dkt. No. 62 at 7. Nothing in the SFD report (or anything else in the record) was "dispositive"—that is why summary judgment was not warranted. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("[W]here the facts specifically averred by [the nonmoving] party contradict facts specifically averred by the movant, the motion must be denied.").

ORDER DENYING MOTION FOR RECONSIDERATION - 7

Kinsale is not entitled to reconsideration on this issue.

### III.  CONCLUSION

For the foregoing reasons, Kinsale's Motion for Reconsideration, Dkt. No. 62, is DENIED.

Dated this 1st day of December, 2025.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 8