UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KINSALE INSURANCE COMPANY, | CASE NO. 2:24-cv-02168-LK |
| Plaintiff, | ORDER STAYING CASE FOR SIX MONTHS |
| v. | |
| VBC MADISON LP et al., | |
| Defendants. | |

This matter comes before the Court on Defendant VBC Madison LP's Renewed Motion to Stay, Dkt. No. 59, which Kinsale opposes, Dkt. No. 64. For the reasons stated below, the Court grants the motion in part and denies the motion in part.

## I.    BACKGROUND

This is an insurance coverage action. Defendant VBC Madison LP, the insured party in this case, owned a vacant building in Seattle that caught fire. Dkt. No. 51 at 2. Frontier Development Corporation owns an adjacent building that was allegedly damaged from the fire. Dkt. No. 55 at 4; Dkt. No. 24 at 4. Frontier's liability insurer sent a demand letter to VBC in February 2024, and those claims against VBC are the "Underlying Claims" in this action. *See* Dkt.

ORDER STAYING CASE FOR SIX MONTHS - 1

No. 55 at 4; Dkt. No. 24 at 4; Dkt. No. 46 at 2; *see also* Dkt. No. 47-3. Plaintiff Kinsale Insurance Company is VBC's liability insurer. Dkt. No. 54 at 6. Kinsale has been defending VBC under a reservation of rights and filed this suit seeking a declaration that it owes no defense or indemnity obligations related to the Underlying Claims. *Id.* at 6, 32.

After answering the complaint, VBC filed a motion to stay the case "because it stands to prejudice VBC Madison's ability to fully and fairly defend itself from the Underlying Claims." Dkt. No. 28 at 2. Kinsale then filed a motion for summary judgment, arguing that it has "no duty to defend and no duty to indemnify VBC with respect to the Underlying Claims" based on two policy exclusions. Dkt. No. 46 at 2–3.

The Court denied VBC's motion to stay, finding that a stay was not warranted at that stage of the proceedings, with the caveat that it may "reconsider whether to stay this action" if the dispute could not be "decided on purely legal grounds." Dkt. No. 56 at 3–7. The Court subsequently denied Kinsale's motion for summary judgment, finding disputed facts as to the applicability of the insurance policy exclusions. *See generally* Dkt. No. 58; *see also* Dkt. No. 69 (denying Kinsale's motion for reconsideration of the summary judgment order). Following the Court's summary judgment order, VBC filed this new motion to stay the case pending the resolution of the Underlying Claims. Dkt. No. 59.

## II.    DISCUSSION

### A.    Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593

F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255).

**B.    The *CMAX* Factors Weigh in Favor of a Stay**

1.    Hardship resulting from a stay

Kinsale argues that a stay would prejudice it "by forcing it to pay for the defense of the Underlying Claims where there is likely no coverage obligation." Dkt. No. 64 at 7. VBC responds that paying to defend against the Underlying Claims is one of Kinsale's contractual obligations and therefore not an injury or hardship. *See* Dkt. No. 66 at 3.

Under Washington law, insurers cannot recoup defense costs incurred under a reservation of rights defense while the insurer's duty to defend is uncertain. *See Nat'l Sur. Corp. v. Immunex Corp.*, 297 P.3d 688, 695 (Wash. 2013). Without recoupment, an insurer's only avenue to protect itself is to file a declaratory judgment action, as Kinsale has done here. *See id.* at 697 (an insurer "must pay defense costs until it obtains a judicial declaration that it owes no duty to defend").

As the Court discussed in denying VBC's first motion to stay, cases involving Washington law and no bargained-for reimbursement clause generally agree that staying the coverage action would prejudice the insurer. *See, e.g.*, *Allstate Prop. & Cas. Co. v. Turpen*, No. 3:24-CV-05462-TMC, 2025 WL 948743, at *2 (W.D. Wash. Mar. 28, 2025) ("[W]hen no reimbursement clause is noted in the insurance contract and the insurer is seeking declaratory judgment on its duty to

1  defend, courts in this District have weighed this factor against a stay."); *Northfield Ins. Co. v.*

2  *Yates, Wood, & MacDonald, Inc.*, No. 2:24-CV-00441-TL, 2024 WL 4751181, at *2 (W.D. Wash.

3  Nov. 12, 2024) (same); *Gov't Emps. Ins. Co. v. Gerjets*, No. 19-CV-5912-RJB, 2020 WL 1031295,

4  at *4 (W.D. Wash. Mar. 3, 2020) (same). However, those cases predominantly address the

5  propriety of a stay *prior* to a summary judgment decision. *See Turpen*, 2025 WL 948743, at *1

6  (insured filed motion to stay case after insurer filed complaint); *Yates*, 2024 WL 4751181, at *1

7  (noting that a summary judgment motion "remains pending."); *Gerjets*, 2020 WL 1031295, at *4

8  (noting that a summary judgment motion was "pending but not yet ripe for consideration").

9      As VBC points out, the risk of hardship to an insurer is significantly reduced following

10  denial of the insurer's motion for summary judgment. *See* Dkt. No. 59 at 4–5. That is because an

11  insurer must defend if its "policy *conceivably covers* the allegations in the complaint." *Woo v.*

12  *Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007); *see also Am. Best Food, Inc. v. Alea*

13  *London, Ltd.*, 229 P.3d 693, 700 (Wash. 2010) ("Again, if there is any reasonable interpretation of

14  the facts or the law that could result in coverage, the insurer must defend."); *Immunex*, 297 P.3d

15  at 691 ("[W]e have repeatedly held that the scope of an insurer's duty to defend is broader than

16  the terms of the policy."). Because the Court found that factual issues precluded summary

17  judgment on both coverage exclusions, Dkt. No. 58 at 7–15, "there is [a] reasonable interpretation

18  of the facts or the law that could result in coverage," so Kinsale "must defend." *Am. Best Food*,

19  229 P.3d at 700.[1] In other words, after denial of summary judgment to an insurer, the grant of a

20  stay usually does not force an insurer to defend against claims that are clearly not covered by the

21  relevant policy.

22

23

24  ---

[1] There is no concern that a stay may force Kinsale to pay improper indemnity costs, as the duty to indemnify only "applies to claims that are actually covered." *Immunex*, 297 F.3d at 691.

1    However, Kinsale argues that this case is unique because "there is no underlying lawsuit

2  here which means that VBC is requesting a stay that could continue indefinitely to Kinsale's

3  detriment." Dkt. No. 64 at 7. VBC responds that these concerns are "overblown" because the

4  "Underlying Claims will resolve, the underlying claimants will sue, or the statute of limitations

5  will run, barring those claims." Dkt. No. 66 at 4. In short, "Kinsale is not stuck defending forever."

6  *Id.*

7    An indefinite stay should not be granted under normal circumstances. *See Dependable*

8  *Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays

9  should not be indefinite in nature."). Indeed, "[a] stay should not be granted unless it appears likely

10  the other proceedings will be concluded within a reasonable time in relation to the urgency of the

11  claims presented to the court." *Leyva*, 593 F.2d at 864; *see also Dependable Highway Exp.*, 498

12  F.3d at 1066–67 (district court erred by issuing a stay "without any indication that it would last

13  only for a reasonable time," and considering that "nearly two years [had] passed since the order

14  issued"). Taking into consideration the above analysis, the Court concludes that Kinsale may face

15  significant hardship from an indefinite stay, but is unlikely to face significant hardship from a time-

16  limited stay.

17    2.   Hardship in the absence of a stay

18    VBC argues that allowing this action to proceed would cause it hardship because "the

19  development of factual issues in this case could prejudice [it] in its defense of the Underlying

20  Claims." Dkt. No. 59 at 6. VBC avers that Kinsale and Frontier both want to "establish that the

21  Building was vacant and unsecured," so "Kinsale—in its attempt to avoid coverage—would be

22  helping Frontier and RSUI establish their cases against VBC Madison." *Id.* Kinsale responds that

23  "[t]his argument is a red herring" because "VBC has already admitted that the Building was

24  vacant," and "whether VBC's efforts to secure the Building were sufficient has no bearing on its

insurance coverage because the Building was nonetheless accessed by third parties." Dkt. No. 64 at 3. As the Court detailed at length in its summary judgment order, Kinsale's argument misses important nuance. *See* No. 58 at 13–15. Factual questions remain regarding whether and to what extent VBC's building was secured and the extent to which that affects coverage. *Id.*

Courts have acknowledged that where an "insurer effectively attacks its insured and thus gives aid and comfort to the claimant in the underlying suit," prejudice to the insured can result. *Gerjets*, 2020 WL 1031295, at *4 (citation modified). This is a possibility here. For example, Kinsale's arguments that VBC failed to secure its premises—to prove that the Unsecured Property Exclusion applies—could be used against VBC by Frontier or Frontier's insurer, as could evidence revealed in discovery. *See, e.g.*, Dkt. No. 29 at 4 (letter from Frontier's insurer to VBC asserting that VBC's building "was not properly secured, experiencing consistent issues with transient individuals"). This prejudice could be avoided by a stay. Moreover, denial of a stay would force VBC to continue fighting "a two-front war, thereby expending its resources fighting both the insurer and the third-party action, which undercuts one of the primary reasons for purchasing liability insurance." *Gerjets*, 2020 WL 1031295, at *4 (citation modified).

While the Court was previously "not persuaded [by] any of these concerns" given the possibility that this coverage dispute could have been resolved on purely legal grounds, Dkt. No. 56 at 5–6, the Court's denial of Kinsale's summary judgment motion changes that calculus. *See id.* at 6 ("If . . . Kinsale is wrong that this dispute can be decided on purely legal grounds, then the Court may reconsider whether to stay this action pending the resolution of the underlying claims."). Thus, this factor supports a stay at this stage of the proceedings.

3.  Orderly Course of Justice

Finally, the orderly course of justice also supports a stay. This factor is "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected

to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55). This case would certainly be simplified by a clear determination of liability for the Underlying Claims. "And even if this efficiency did not materialize, staying the case will still simplify questions of law and issues of proof because the court will no longer have to navigate the minefield of possible prejudice it currently finds itself navigating." *Fed. Ins. Co. v. Holmes Weddle & Barcott PC*, No. C13-0926-JLR, 2014 WL 358419, at *5 (W.D. Wash. Jan. 31, 2014). A stay would also obviate concerns as to the propriety of Kinsale's potential arguments aligning with Frontier's interests and against VBC's. *See, e.g.*, *Mut. of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc.*, 169 P.3d 1, 8 (Wash. 2007) (an insurer defending under a reservation of rights may not engage "in any action which would demonstrate a greater concern for the insurer's monetary interest than for the insured's financial risk"). Thus, this final factor also supports granting a stay.

## III.   CONCLUSION

For the foregoing reasons, VBC's motion for a stay is GRANTED IN PART and DENIED IN PART. Dkt. No. 59. This case is STAYED for six months from the date of this Order. No later than June 15, 2026, the parties must submit a Joint Status Report detailing the status of the Underlying Claims and providing a proposed schedule for prompt resolution of this matter. To the extent a longer stay is needed, either party may file an appropriate motion.

Dated this 15th day of December, 2025.

Lauren King
United States District Judge